KAHN et al. v. MAHLER CO. (No. 7541.)

(Supreme Court, Appellate Division, First Department. July 9, 1915.)

1. CONTRACTS ⬅280—ACTION FOR BREACH—RIGHT OF RECOVERY.

Where defendant licensed plaintiffs to use designated shelving and showcases on the main floor of its store, and tables in the main hall thereof, and agreed to allow plaintiffs, as licensees, a window display, and to furnish light, heat, and delivery for five years, the use to be subject to rules and regulations that the owner should make, and plaintiffs purchased defendant's entire stock of jewelry, leather goods, etc., at 50 per cent. of the retail price, and were to pay defendant 20 per cent. of the first year's net sales and 17 per cent. of the net sales thereafter, the acts of defendant in discontinuing all but its shoe and hosiery departments, in closing the basement, and in taking away the window display and giving plaintiffs a less desirable space, were not a breach of its contract, so as to make it liable to plaintiffs in damages.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1249–1280; Dec. Dig. ⬅280.]

2. DAMAGES ⬅159—BREACH OF CONTRACT—ISSUES AND PROOF.

In an action for damages for breach of contract, brought on September 11, 1913, neither breach of contract in February, 1914, nor the damage therefrom, was provable, as plaintiffs' right to recover must be tested by what occurred prior to the commencement of the action.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 429–438, 440–444, 447, 449–453; Dec. Dig. ⬅159.]

3. CONTRACTS ⬅280—BREACH—ACTION FOR DAMAGES.

In such case, plaintiffs, on the closing of the store within the term of the agreement, had a cause of action for damages sustained from being thereby compelled to discontinue their business.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1249–1280; Dec. Dig. ⬅280.]

Appeal from Trial Term, New York County.

Action by Albert Kahn and others against the Mahler Company. Judgment entered on a verdict for plaintiffs, motion for new trial denied, and defendant appeals. Judgment and order reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

John Thomas Smith, of New York City, for appellant.
Sidney J. Loeb, of New York City, for respondents.

DOWLING, J. On September 9, 1912, the defendant was preparing to open a department store in premises situated at the corner of Thirty-First street and Sixth avenue, in the city of New York, but had not yet actually commenced business. It entered into an agreement in writing with the plaintiffs on that date, whereby it licensed the plaintiffs, among other things, to—

"use the shelving and showcases (to be designated), situated on the main floor of its store, and to use in addition the tables in the main hall thereof, when furnished with material satisfactory to the owner, and to allow the licensee a window display, and to furnish light, heat, and delivery for the

period of five years from the date hereof, upon the conditions hereinafter named, to be used by the licensee exclusively for a first-class jewelry, novelty, trunk, bag, and leather business at the sole cost and expenses of the said licensee, and subject to the general rules and regulations that the owner may from time to time promulgate, to which the licensee, for itself and employés, agrees to conform."

Plaintiffs agreed to conduct such a business for the period named, and to purchase from the defendant its entire stock of jewelry, novelties, and leather goods then in the store, paying for the same 50 per cent. of the retail price thereof. The plaintiffs were to pay to defendant, in addition to the said sum, 20 per cent. on the net sales made by them during the first year, and 17 per cent. thereof during the succeeding years. There was an option given either of the contracting parties to terminate the agreement by giving six months' notice in writing, upon a violation by the other party of any of its obligations under the agreement. In the event of such notice being given by the defendant to the plaintiffs, it was to purchase the same amount of merchandise as the plaintiffs originally had bought from the defendant, at the same valuation, namely, 50 per cent. of the retail value thereof. This agreement contained no clause binding the defendant to maintain any particular form of business, or any number or kind of departments therein. Plaintiffs commenced business in the premises in question on November 7 or 8, 1912, paying $446 for the stock of goods then on hand referred to in the agreement, and placing their own goods for sale in the space assigned to them. Originally they were assigned the second window in Thirty-First street from Sixth avenue to make their window display, and their sales space was the first showcase from the entrance on the center aisle, covering 30 to 40 running feet. They were also assigned a space in the basement of about 40 square feet for their trunk and bag department. Business proceeded from said date until July, 1913, at which time defendant made its business one entirely in shoes and hosiery, closing out all the other departments on the upper floors and selling the merchandise therein as job lots. The basement had been closed prior to that time, and when customers came for plaintiffs' trunk and bag department, permission had to be obtained from the porter, the basement lit up, and the goods uncovered, as no other business was carried on there. Their window display was also taken away from them, and they were given a smaller space in the last window on Thirty-First street. At the same time, in July, 1913, the defendant assigned the plaintiffs a different space for their goods on the main floor, locating them on the south side of the store, about 20 feet from their former location and running to the elevator. This was not so conspicuous a site as the former one. Thereafter business continued growing gradually less until in February, 1914, the defendant closed its entire store, and no business was done therein after that date. At that time plaintiffs claim to have had a stock on hand amounting to $2,750, which they were obliged to sell as a job lot at a large loss, obtaining $475 for the merchandise and the fixtures; the latter having been listed at $250. Inventory had been taken January 2, 1914, and the goods were sold February 6, 1914.

[1] Plaintiff has recovered judgment upon the theory that the defendant was in some way obligated not to change its business from that existing or contemplated at the time the agreement between the parties was made. There is no doubt that under this agreement the defendant, not only had the right to originally assign the space which the plaintiffs were to occupy for the sale of their goods, but could from time to time change the same and assign a different location for plaintiffs' business within the store and for display in its windows. It is also clear that plaintiffs could not compel the defendant to continue any specified number of departments in its store. As a matter of fact, when the agreement between the parties was made the defendant had not yet opened its store for business, and plaintiffs did not commence their operations until two months thereafter. There is no prayer for the reformation of the agreement between the parties, no allegation of misrepresentation, and no relief sought upon the ground that defendant induced plaintiffs to enter into the agreement by any representation as to their purpose of continuing the departments they then proposed to maintain, when they had in fact no such purpose. All that plaintiffs have shown is the making of an agreement by which they were entitled to the use of certain space to be designated by defendant for the conduct of their business in defendant's premises, and such space they concededly were in possession of when this action was brought, viz., September 11, 1913.

[2] Upon the trial plaintiffs proved no damage caused to them by any breach of the agreement down to the time of the commencement of this action, which is purely one at law for damages for breach of contract. They were allowed, however, over the objection of the defendant, to prove their damage down to the closing of the premises in February, 1914, and the loss caused to them on that date by the enforced sale of their stock of goods. While upon this record the plaintiffs established the breach of the agreement in February, 1914, when the defendant closed its place of business and prevented plaintiffs from continuing to do business therein (which under the agreement it had no right to do), and while plaintiffs have proven their damages for such breach, neither such breach nor such damage was provable in this action, in which plaintiffs' right to recover must be tested by what occurred prior to the date of the commencement of the action. The plaintiffs not being entitled to any particular space in the defendant's store, save as the latter might designate it, and the defendant not having refused to allow plaintiffs to conduct their business therein down to the time of the commencement of the action, but plaintiffs being then actually in possession of the space assigned them under the agreement, and the agreement not requiring the defendant to maintain any certain number of departments, nor in fact any department whatever, in its store during the time of the continuance of the agreement, there was no breach of the agreement by the defendant down to the time of the commencement of this action, and the plaintiffs, therefore, were not entitled to recover therein.

[3] Their only cause of action is one for the breach of the agreement by the defendant in February, 1914, when it closed its entire

place of business, and compelled the plaintiffs to desist from further doing business therein. In such an action they can recover the damages they have sustained.

The judgment and order appealed from will therefore be reversed, with costs to the appellant, and judgment directed in favor of the defendant, dismissing the complaint of the plaintiffs herein, with costs. Order filed. All concur.